No. 2025-1807

# In the United States Court of Appeals for the Federal Circuit

**INSULET CORP.,**
*Plaintiff-Appellee,*

v.

**EOFLOW, CO. LTD., EOFLOW, INC., AND JESSE J. KIM,**
*Defendants-Appellants.*

Appeal from the United States District Court for the District of Massachusetts in No. 1:23-cv-11780-FDS (Hon. F. Dennis Saylor IV)

**BRIEF OF AMICUS CURIAE PROFESSOR PAUL R. GUGLIUZZA IN SUPPORT OF REHEARING EN BANC**

Sanjiv P. Laud
MCCURDY LAUD, LLC
400 S. 4th St., Ste. 401, #31
Minneapolis, MN 55415
Tel: (612) 699-0545
sanjiv@mccurdylaud.com

*Counsel for Amicus Curiae
 Professor Paul R. Gugliuzza*

# CERTIFICATE OF INTEREST

I, Sanjiv P. Laud, certify the following:

1.    **Represented Entities.** Fed. Cir. R. 47.4(a)(1). Provide the full names of all entities represented by undersigned counsel in this case.

Professor Paul R. Gugliuzza.

2.    **Real Party in Interest.** Fed Cir. R. 47.4(a)(2). Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

3.    **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

Not applicable

4.    **Legal Representatives.** List all firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

None.

5.    **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). *See also* Fed. Cir. R. 47.5(b).

None.

6.    **Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

Dated: August 12, 2026

/s/ *Sanjiv P. Laud*

Sanjiv P. Laud
MCCURDY LAUD, LLC
400 S. 4th St., Suite 401, #31
Minneapolis, Minnesota 55415
Telephone: (612) 416-3336
sanjiv@mccurdylaud.com

ii

# TABLE OF CONTENTS

Certificate of interest ...................................................................................i

Table of contents ....................................................................................... iii

Table of authorities ...................................................................................iv

Interest of *amicus curiae* ........................................................................vi

Argument......................................................................................................1

    I.    The well-pleaded complaint rule ties arising-under
           jurisdiction to the complaint alone. ...............................................1

        A.    For more than a century, the Supreme Court has
              decided arising-under jurisdiction from the face of the
              plaintiff's complaint and nothing else. ....................................1

        B.    *Christianson* adopted the well-pleaded complaint rule
              for this Court's appellate jurisdiction. ....................................5

    II.   The panel's decision conflicts with the well-pleaded complaint
           rule.............................................................................................8

Conclusion...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)..................................................4

*Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 (Fed. Cir. 2004) ....................................................................................8

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ...................5

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)....................................................................................3

*Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515 (Fed. Cir. 1987).....................8

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002)....................................................................................3

*Krauser v. BioHorizons, Inc.*, 753 F.3d 1263 (Fed. Cir. 2014) .........................7

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)......................2

*Nilssen v. Motorola, Inc.*, 203 F.3d 782 (Fed. Cir. 2000)..............................7, 9

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007)...............................4

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)......................5, 9

**Statutes**

28 U.S.C. § 1295(a)(1) ....................................................................vi, 5

28 U.S.C. § 1331 ...................................................................................1

28 U.S.C. § 1338(a).............................................................................5

35 U.S.C. § 286 ....................................................................................8

**Constitutional Provisions**

U.S. Const. amend. V............................................................................2

**Other Authorities**

13D Charles Alan Wright et al., *Federal Practice and Procedure*
§ 3566 (3d ed. 2026) ....................................................................4

Arthur R. Miller, *Artful Pleading: A Doctrine in Search of Definition*,
76 Tex. L. Rev. 1781 (1998) .........................................................4

Paul R. Gugliuzza, *Rising Confusion About 'Arising Under'*
*Jurisdiction in Patent Cases*, 69 Emory L.J. 459 (2019)...............vi

## INTEREST OF *AMICUS CURIAE*

Paul R. Gugliuzza is the Thomas W. Gregory Professor of Law at the University of Texas at Austin School of Law, where he teaches and researches in the fields of civil procedure and intellectual property law. His scholarship on patent law and patent litigation has appeared in numerous leading law reviews and has been cited in over twenty judicial opinions. He has also testified before the U.S. Senate and the U.S. House of Representatives on matters of patent law.

Given his research, Professor Gugliuzza has an interest in the panel's ruling that this case falls within the Court's jurisdiction over appeals in civil actions "arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(1)(a); *see, e.g.*, Paul R. Gugliuzza, *Rising Confusion About "Arising Under" Jurisdiction in Patent Cases*, 69 Emory L.J. 459 (2019). Professor Gugliuzza has no interest in any other questions presented for rehearing or any other aspect of this case.

No party or its counsel, and no person other than Professor Gugliuzza and his counsel, authored this brief in whole or in part or contributed money that was intended to fund preparing or submitting this brief.

## ARGUMENT

The panel held that this Court had jurisdiction over an appeal when the operative complaint contained no patent claim. It reached that result by hypothesizing about what *might happen* **if** the plaintiff someday tried to re-file patent claims that the district court had dismissed without prejudice. The panel's holding—which bases jurisdiction on speculation about what other courts might (or might not) rule in a different case at some time in the future—cannot be squared with the well-pleaded complaint rule, which has governed "arising under" jurisdiction for more than a century. That bright-line rule reduces litigation costs, enhances predictability, and ensures that courts need not try to predict the future, like the panel did here. The well-pleaded complaint in this case contains only trade secret claims. This appeal, therefore, belongs in the First Circuit, not the Federal Circuit.

## I. THE WELL-PLEADED COMPLAINT RULE TIES ARISING-UNDER JURISDICTION TO THE COMPLAINT ALONE.

### A. For more than a century, the Supreme Court has decided arising-under jurisdiction from the face of the plaintiff's complaint and nothing else.

The well-pleaded complaint rule finds its origins in cases involving federal question jurisdiction in the district courts under what is now 28 U.S.C. § 1331. The canonical case is *Louisville & Nashville Railroad Co. v. Mottley*,

1

211 U.S. 149 (1908). In *Mottley*, a married couple, the Mottleys, sued a railroad for breach of contract when the railroad refused to renew free passes it had issued them to settle a prior lawsuit. *Id.* at 150. Though the Mottleys' breach-of-contract claim was created by state law, federal issues were practically certain to arise in the case. Namely, the Mottleys anticipated that the railroad, in defense, would rely on a recently passed federal statute barring free railroad passes. *Id.* at 151. In response, the Mottleys would then challenge the statute as unconstitutional under the Fifth Amendment because it deprived them of property without due process of law. *Id.*

But, even though those federal issues would likely be central to the litigation, the Supreme Court ruled that the case did not arise under federal law. The Court instead held that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* at 152. "It is not enough," the Court continued, "that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution

2

would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." *Id.*

The well-pleaded complaint rule means that some cases raising issues of federal law—like *Mottley*—do not arise under federal law for jurisdictional purposes. Yet the rule serves at least three important purposes.

First, it is simple. To decide whether it has jurisdiction, the court need look at only one document: the plaintiff's complaint. The court need not consider—or speculate about—responsive pleadings, defenses, counterclaims, or any other federal issues that might come up in the future. *See Holmes Grp,, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 832 (2002) ("[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 11 (1983)).

Second, the well-pleaded complaint rule reduces litigation costs. By focusing the analysis on the plaintiff's complaint—the very first document the plaintiff files—the question of jurisdiction can be resolved at the earliest possible stage of the case. *See* 13D Charles Alan Wright et al., *Federal*

*Practice and Procedure* § 3566 (3d ed. 2026) (noting that the well-pleaded complaint rule "provide[s] the benefit of allowing an early decision on whether the court has subject matter jurisdiction; it need only look at the complaint, without awaiting the defendant's pleading").

Finally, the well-pleaded complaint rule permits the plaintiff to remain "the master of the complaint," in that the jurisdictional analysis turns on the plaintiff's choice to include (or omit) federal-law claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987); *see generally* Arthur R. Miller, *Artful Pleading: A Doctrine in Search of Definition*, 76 Tex. L. Rev. 1781, 1804 (1998) ("[A] plaintiff is master of the complaint and has the option of asserting a cause of action under federal or state law. By choosing the latter, the plaintiff can avoid federal-question jurisdiction.").

These purposes lead to an important corollary of the well-pleaded complaint rule: when a plaintiff amends its complaint, "courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). As the Supreme Court recently observed, "changes in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal

4

court's jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30, 34-36 (2025) (holding that, when a plaintiff whose case was removed to federal court "eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves").

**B.     *Christianson* adopted the well-pleaded complaint rule for this Court's appellate jurisdiction.**

Although the well-pleaded complaint rule developed in cases defining the district courts' federal question jurisdiction under § 1331, the Supreme Court has made clear that this Court's appellate jurisdiction is governed by the same principles. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808–09 (1988), the Court, maintaining "[l]inguistic consistency" between § 1331 and the patent-specific jurisdictional provisions in §§ 1295(a)(1) and 1338(a), held that Federal Circuit jurisdiction reaches "only . . . those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief

5

necessarily depends on resolution of a substantial question of federal patent law."[1]

The Court in *Christianson* explicitly rejected the functional argument that Congress's goals in creating the Federal Circuit would be better served by looking beyond the well-pleaded complaint "to the case actually litigated." *Id.* at 813. The Court framed its conclusion in terms of simplicity—"since the district court's jurisdiction is determined by reference to the well-pleaded complaint, not the well-tried case, the referent for the Federal Circuit's jurisdiction must be the same"—and judicial power—"we have no more authority to read § 1295(a)(1) as granting the Federal Circuit jurisdiction over an appeal where the well-pleaded complaint does not depend on patent law, than to read § 1338(a) as granting a district court jurisdiction over such a complaint." *Id.*

Justice Stevens, joined by Justice Blackmun, wrote a concurring opinion expressing concern that "the Court's opinion might be read as suggesting that

---

[1] At the time of *Christianson*, 28 U.S.C. § 1295(a)(1) granted this Court jurisdiction over an appeal "if the jurisdiction of [the district] court was based, in whole or in part, on section 1338," which gave the district courts jurisdiction over "any civil action arising under any Act of Congress relating to patents." The current version of § 1295(a)(1) simply repeats the language of § 1338, granting this Court appellate jurisdiction "in any civil action arising under . . . any Act of Congress relating to patents."

whether patent claims are properly before the Federal Circuit on appeal should be determined by examining only the initial complaint." *Id.* at 822 (Stevens, J., concurring). Instead, Justice Stevens emphasized, if the patent claims were "dismissed voluntarily in advance of trial," the case "would certainly not arise under the patent laws for purposes of appellate jurisdiction." *Id.* at 823. "Congress' goal of ensuring that appeals of patent-law claims go to the Federal Circuit," Justice Stevens concluded, "would be thwarted by determining that court's appellate jurisdiction only through an examination of the complaint as initially filed." *Id.*

Applying these principles, this Court has "repeatedly held that an amendment to the complaint that dismisses the patent law claims without prejudice . . . deprives this court of jurisdiction over the case." *Krauser v. BioHorizons, Inc.*, 753 F.3d 1263, 1269 (Fed. Cir. 2014); *accord Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784–85 (Fed. Cir. 2000) ("We . . . disagree with Nilssen that the fact that his patent claims were involuntarily dismissed [preserves Federal Circuit jurisdiction]. . . . The fact that the dismissal of Nilssen's patent claims was without prejudice is ultimately what matters."). A without-prejudice dismissal, the Court has explained, is a "de facto amendment[] to the complaint" that "divest[s]" the court of jurisdiction if it

"eliminates all issues of patent law." *Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1189 (Fed. Cir. 2004); *accord Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) ("Gronholz's dismissal of the patent claim constituted an amendment of his complaint. That amendment left a complaint which consisted of a single, non-patent claim for unfair competition. Applying the well-pleaded complaint rule to the complaint then remaining, we determine that the present suit does not 'arise under' the patent laws for jurisdictional purposes.").

## II.    THE PANEL'S DECISION CONFLICTS WITH THE WELL-PLEADED COMPLAINT RULE.

The panel in this case correctly recited the principle that "an amendment to a complaint that dismisses patent claims without prejudice will divest this court of its jurisdiction." Op. 7. But, in declining to apply that principle, the panel disregarded the basic teaching of the well-pleaded complaint rule.

The operative complaint in this case does not contain any patent claims. As the panel noted, the district court had dismissed those claims "without prejudice." Op. 5. Yet the panel concluded that that dismissal "functioned as a dismissal *with prejudice* because refiling of the claims would be barred by the six-year statute of limitations, 35 U.S.C. § 286." Op. 7. That conclusion,

8

which bases jurisdiction on a prediction about what a court might rule in applying the Patent Act's time-limitation on damages in a hypothetical future case, disregards the well-pleaded complaint rule.

Under the panel's approach, if all patent claims in a case are dismissed by voluntary amendment of the complaint, the court, to determine its jurisdiction, must:

- identify each act of infringement pleaded in the now-dismissed complaint,

- date each one,

- assess § 286's six-year limitation period from the date of a hypothetical refiling of the complaint, and

- decide whether any limit on damages that § 286 would impose transforms an explicitly "without prejudice" dismissal into one "function[ally] . . . with prejudice" because it "altered the legal positions" of the parties. Op. 8.[2]

---

[2] Based on its prediction about what a future court might do if the plaintiff tried to re-file its patent claims, the panel concluded that the dismissal in this case "altered the legal positions of [the parties] vis-à-vis the dismissed claim." Op. 8 (alteration in original) (internal quotation marks omitted). Yet this Court has previously held that a dismissal without prejudice leaves the parties "in the same legal position with respect to the patent claims as if they had never been filed." *Nilssen*, 203 F.3d at 785 (dismissing appeal for lack of jurisdiction); *see also Royal Canin*, 604 U.S. at 34 (noting "Congress's usual view of how amended pleadings can affect jurisdiction": "an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion").

9

The well-pleaded complaint rule, by contrast, requires only a look at the operative complaint to determine whether it contains a patent-law claim. After the district court's without-prejudice dismissal of the patent law claims, the operative complaint in this case contains only trade secret claims. That simple analysis leads to a simple conclusion: the case no longer arises under the patent laws and this Court lacks jurisdiction over the appeal.

## CONCLUSION

For more than a century, arising-under jurisdiction has been governed by the well-pleaded complaint rule. The panel's decision in this case departs from that rule. The petition for rehearing *en banc* should be granted.

Dated: August 12, 2026                    Respectfully submitted,

*/s/ Sanjiv P. Laud*

Sanjiv P. Laud
MCCURDY LAUD, LLC
400 S. 4th St., Suite 401, #31
Minneapolis, MN 55415
Tel: (612) 699-0545

*Attorney for Amicus Curiae*
*Professor Paul R. Gugliuzza*

10

# CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATIONS

I, Sanjiv P. Laud, certify that the foregoing brief was prepared using a proportionally spaced typeface and contains 2,218 words, thereby complying with the type-volume limitations of the Federal Rules of Appellate Procedure and the Federal Circuit Rules.

Dated: August 12, 2026                    */s/ Sanjiv P. Laud*

Sanjiv P. Laud
MCCURDY LAUD, LLC
400 S. 4th St., Suite 401, #31
Minneapolis, Minnesota 55415
Telephone: (612) 416-3336
sanjiv@mccurdylaud.com